## Belton Oil Company v. Gulf, Colorado & Santa Fe Railway Company.

### Decided January 17, 1906.

**Contract—Shipment—Weights—Account Stated.**

A railroad company which contracted with a shipper to accept and ship freight at the shipper's weights, but with an agreement by the latter giving a right to inspect his books and records to verify same and to pay any claims thereby discovered for freight lost by underbilling, could recover same, though the freight had been billed at rates known at the time to its agent to be based on under weight; such billing did not constitute an account stated between the parties which would deprive the carrier of remedy upon its contract.

Error from the County Court of Bell County. Tried below before Hon. W. R. Butler.

*John B. Durrett,* for plaintiff in error.—The bills of lading, showing the weight of each shipment and the amount of freight charges due thereon, presented by defendant, signed by the agent of plaintiff and delivered to defendant, were accounts rendered and the payment by defendant of the amounts shown by such bills to be due constituted an account stated and settled between plaintiff and defendant as to the amount of freight charges upon each of such shipments, and there being no unfairness and all the facts being known to both parties, such settlement was final and conclusive. McKay v. Overton, 65 Texas, 86; Henry v. Chapman, 4 Texas Civ. App., 162, and Neyland v. Neyland, 19 Texas, 423; Heidenheimer v. Ellis, 67 Texas, 428; Lockwood v. Thorne (N. Y.), 62 Am. Dec., page 81, and note; Young v. Hill, 23 Am. Rep., 110.

*J. W. Terry* and *A. H. Culwell,* for defendant in error.—Where it was made to appear, as in this case, that the shipments were made subject to the right of the railway company to collect the correct amount of freight charges due without regard to the statements con-

·tained in the bill of lading, then a bill of lading acted upon by the railway company is not an account stated, and the railway company would have the right to collect the correct amount of freight charges due without regard to the statements in the bill of lading.

The undisputed facts showing, as they do in this case, that the shipments were billed at a less than the correct weight, and that the proper amount of freight charges had not been collected thereon, then no stated account could be predicated upon any condition of facts having the above as a foundation, for the reason that the same would be based upon an illegal and unlawful consideration and upon an illegal and unlawful transaction, and even though there had been a stated account, as contended by plaintiff in error, it appearing as it does herein, the same was and is based upon a transaction forbidden by law and neither party could be bound thereby, but it would be the duty of the defendant in error to collect the correct charges notwithstanding. San Antonio & A. P. Ry. Co. v. Clements, 20 Texas Civ. App., 499; Houston & T. C. Ry. Co. v. Dumas, 43 S. W. Rep., 609; Missouri, K. & T. Ry. Co. v. Trinity R. Lumber Co., 1 Texas Civ. App., 557; Dillingham v. Fischl, 1 Texas Civ. App., 552; Texas & P. v. Clark, 4 Texas Civ. App., 614.

KEY, ASSOCIATE JUSTICE.—The Gulf, Colorado & Santa Fe Railway Company brought this suit against the Belton Oil Company for the recovery of $394.34, alleged to be owing by the defendant for a balance of freight charges on certain shipments of cotton-seed meal, cake and hulls shipped over the plaintiff's railroad.

The defendant pleaded a general denial, failure of consideration, breach of the contract by the plaintiff, and final settlement upon an account stated. The case was submitted to the county judge, who rendered judgment for the plaintiff for $196.58, and the defendant.has brought the case to this court by writ of error.

There is no statement of facts in the transcript, and the case is submitted in this court upon the trial judge's findings of fact.

There is but one assignment of error, which asserts that the trial court erred in its conclusion of law that the facts found did not constitute an account stated such as would preclude the plaintiff from a recovery. The plaintiff pleaded a written contract, by the terms of which it was to accept and ship freight for the defendant according to the defendant's scale of weights, with the proviso that the "plaintiff, through its auditor, or other duly accredited representative, would be permitted from time to time to inspect the books and records of the defendant company, for the purpose of verifying the rendition of weights as made by said defendant company, and that, should such inspection show incorrect returns, by clerical error or otherwise, which deprived the plaintiff company of its just revenue, the defendant company would, on presentation by the plaintiff of its bill covering same, promptly pay all undercharges found due." The findings of the trial court show that the contract was made as alleged in the plaintiff's petition.

In view of the provision of the contract just quoted, we hold that the railway company was not precluded from going behind the bills of lading and freight bills signed by it, and showing that the weights furnished by the defendant were incorrect, and recovering for the short-

age, although the plaintiff's agent who received the various shipments knew of the existence of the shortage at the time the shipments were made and the freights paid. We think the purpose of the stipulation referred to was to reserve the right for a reasonable time to correct errors in weights, and that such right was not destoyed by making out bills according to the weights furnished by the defendant and receiving payment therefor from the defendant. The stipulation that the plaintiff would accept the scale of weights of the defendant on all *consignments* in carload lots, and that inspections might be made by its auditor, or other duly accredited representative, and that same might be made from time to time, negatived the idea that it was intended that the inspection should be made at the very time the several shipments were tendered, and not after they had been made and freight charges paid according to the weights furnished by the defendant.

No error has been pointed out, and the judgment is affirmed.

*Affirmed.*